WORLDWIDE INTERACTIVE NETWORK, INC., |
|
                Plaintiff, |
    v. |
                        |    Case No. _____
CHMURA ECONOMICS & ANALYTICS, LLC, |
|
|
               Defendant. |
                        |

## COMPLAINT

Plaintiff, Worldwide Interactive Network, Inc., alleges as follows:

### Parties

1.      Plaintiff, Worldwide Interactive Network, Inc., ("WIN"), is a corporation organized under the laws of the State of Tennessee and has a principal place of business at 1000 Waterford Place, Kingston, Tennessee 37763.

2.      Upon information and belief, Defendant, Chmura Economics & Analytics, LLC ("CEA"), is a company organized under the laws of the State of Virginia and has a principal place of business at 1309 East Cary Street, Richmond, Virginia 23219.

### Jurisdiction and Venue

3.      This is an action for a Declaratory Judgment that United States Patent Number 7,480,659 is invalid, unenforceable, and/or not infringed by WIN. This action arises under the Patent Laws of the United States. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4.      Venue is proper under 28 U.S.C. § 1391.

## Count I

## Declaratory Judgment of Invalidity, Unenforceability and/or Noninfringement of United States Patent Number 7,480,659

5.      Paragraphs 1 through 4 are incorporated into this count by reference.

6.      Upon information and belief, CEA is the owner of United States Patent Number 7,480,659 ("the '659 patent"), which issued on January 20, 2009.  A copy of the '659 patent is attached hereto as **Exhibit A**.  The '659 patent issued from United States Patent Application Serial Number 11/251,811, which claims the benefit of priority from United States Provisional Application Number 60/619,861, filed on October 18, 2004.  The '659 patent generally claims a system and method for managing economic development, workforce development, and education information.

7.      On approximately March 19, 2009, WIN introduced to the market a software and server-based economic, education, and workforce development tool ("WIN's system").

8.      Upon information and belief, CEA alleged to third parties that WIN's system infringes the '659 patent and that CEA would bring a legal action against WIN for patent infringement in the event WIN introduced its system to the market.

9.      In view of CEA's accusations of infringement of the '659 patent and its threats of legal action, WIN has a reasonable fear and apprehension that patent infringement litigation will be brought against it.

10.     Consequently, an actual justiciable controversy exists between the parties.

11.     CEA has provided and currently provides services to customers in Tennessee.

2

12.     CEA conducted training programs in Kingston, Tennessee, WIN compensating CEA for conducting such programs.

13.     CEA executed a joint development agreement with WIN.

14.     Consequently, venue for this controversy properly lies in the Eastern District of Tennessee.

15.     When the claims are properly construed, the '659 patent is invalid, unenforceable, and/or not infringed by WIN.

16.     WIN reserves the right to raise a claim of inequitable conduct if the discovery and proof support such a claim.

17.     The allegations by CEA that WIN has infringed the '659 patent are frivolous, and this is an exceptional case within the meaning of 35 U.S.C. § 285 entitling WIN to an award of reasonable attorney fees and costs of this litigation.

**Prayer for Relief**

WHEREFORE, the Plaintiff, WIN, requests that the Court enter an order and judgment:

a.  Issuing a declaration that United States Patent Number 7,480,659 is invalid and unenforceable;

b.  Issuing a declaration that WIN has not infringed United States Patent Number 7,480,659;

c.  Permanently enjoining Defendant, CEA, including its officers, agents, servants, subcontractors, and employees, and others controlled by CEA, from making further allegations or claims that WIN has infringed United States Patent Number 7,480,659;

d.  Awarding WIN its reasonable attorney fees, expert fees, and costs; and

e.  Awarding WIN such other and further relief as the Court may deem justified.

Respectfully submitted,

Robert E. Pitts (Reg. # 1,610)
R. Bradford Brittian (Reg. # 7,130)
Benjamin A. Alley (Reg. # 25,238)
Jacob G. Horton, (Reg. #25,467)
Jennifer A. Cameron (*PRO HAC VICE*)

PITTS & BRITTIAN, P.C.
P.O. Box 51295
Knoxville, TN  37950-1295
Telephone: (865) 584-0105
Fax: (865) 584-0104

*Attorneys for the Plaintiff*
*Worldwide Interactive Network, Inc.*